FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 09 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RACHEL M. STOKES, | No. 10-35628 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-01209-PK |
| v. | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, Senior District Judge, Presiding

Submitted May 2, 2011[**]
Portland, Oregon

Before: TASHIMA, BEA, and IKUTA, Circuit Judges.

Alan Graf, an attorney and the real-party-in-interest in this appeal, appeals

the district court's order which granted in part and denied in part Graf's motion for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

attorneys' fees.  We have jurisdiction over this appeal pursuant to 28 U.S.C. §

1291, and we reverse and remand.[1]

The district court based its decision to reduce the fee award from the 22% of

past-due benefits requested by Graf to 15% of past-due benefits on two grounds:

(1) delays caused by Graf; and (2) the size of the past-due benefits recovered in

relation to a reasonable estimate of the complexity of the representation and the

number of hours necessary fairly to conduct that representation (hereinafter

referred to as the fee's "proportionality").

The district court's first ground—the 60 days of delay caused by Graf—is

illogical.  District courts may reduce fees due to attorney delay so that "the

attorney will not profit from the accumulation of benefits during the pendency of

the case in court."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  Graf's

voluntary 3% reduction—from the contractual 25% of past-due benefits to a

requested 22% of past-due benefits—reduced the fee requested by $2,011.  The 60

days of delay Graf caused in the district court added two months of past-due

benefits at $1140.20 per month; taking 25% of this amount would have increased

_____

[1]  Because the parties are familiar with the facts, we recite them here only as necessary to explain our decision.

2

his fee by only $570. Therefore, the district court abused its discretion in basing any part of its reduction of the award on delay.

The district court was within its discretion in reducing the fee based on the fee's proportionality. The district court has a duty to perform an "independent check" "to assure that [the fees] yield reasonable results in *particular cases*." *Id.* at 807 (emphasis added). The district court in this case found that an effective hourly rate of $453.75 was unreasonable in light of the fact that the district court proceedings were largely uncontested by the Social Security Commissioner. The record supports that this was a "relatively simple" litigation coupled with a significant recovery of past-benefits. Thus, the district court did not abuse its discretion in reducing the fee amount on this ground.

Graf contends that in light of the high risk involved in social security cases, the district court abused its discretion in reducing the fee percentage. This court has stated that "the district court should look at the complexity and risk involved in the *specific case* at issue to determine how much risk the firm assumed in taking the case." *Crawford v. Astrue*, 586 F.3d 1142, 1153 (9th Cir. 2009) (en banc) (emphasis added). Graf completely ignores this guidance, instead discussing general policy considerations and the generally high risk in litigating social security cases. At no point does Graf make any specific contentions with respect

to *this* case's complexity and risk. Moreover, the district court considered the risks of this specific case and stated that "[u]nder the circumstances presented in this case, this court concludes that the concerns outlined above about proportionality are not allayed by the risks undertaken in representing this plaintiff." Therefore, there is no basis for holding the district court abused its discretion in reducing Graf's fee award in light of the complexity and risk involved in this case.

Therefore, this case is **REVERSED** and **REMANDED**. On remand, the district court shall determine a reasonable fee starting with the fee voluntarily reduced by Graf—22% of past-due benefits—and without additional reduction due to delay.